IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MAGAOAY,
LISA MAGAOAY

       Plaintiffs,           No. 2:11-cv-02875-KJM-KJN-PS

  v.

BANK OF AMERICA, N.A.,
et al.

       Defendants.        ORDER

/

On October 31, 2011, defendants Bank of America, N.A., Mortgage Electronic Registration System, and Recontrust Company, N.A. (collectively, the "defendants") filed a Notice of Removal (Dkt. No. 1), which attached the complaint plaintiffs John and Lisa Magaoay (the "plaintiffs") filed against the defendants in state court. (Complaint ("Compl."), Exh. A to Dkt. No. 1.) Plaintiffs are proceeding without counsel.[1] The caption of plaintiffs' complaint references a "Temporary Restraining Order and Preliminary Injunction," among other things, and the complaint alleges facts regarding the foreclosure of real property. (Id.) The complaint's prayer for relief also seeks "a temporary restraining order and preliminary injunction restraining

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1  the foreclosure of the real estate." (Id. at 5.)

2  While plaintiffs' pleading requests a temporary restraining order and preliminary
3  injunction, the court cannot properly analyze either request based upon the documents currently
4  on file in this action. Eastern District Local Rule 231 requires a party seeking a temporary
5  restraining order or preliminary injunction to file various specific documents, none of which have
6  yet been filed. E.D. Local Rule 231.[2] Moreover, the undersigned's review of the complaint
7  reveals only one date—a trustee's sale set for June 29, 2011—and that date has already passed.
8  (Exh. B. to Compl. (Notice of Trustee's Sale set to occur on June 29, 2011).) The complaint's
9  reference to one date that has passed does not support the existence of a pending irreparable
10 injury.

11 Although plaintiffs are proceeding without counsel in this action, they are
12 nonetheless required to follow the court's local rules, the court's orders, and the Federal Rules of
13 Civil Procedure. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to
14 follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d
15 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern
16 other litigants.").

17 ////
18 ////
19 ////
20 ////
21 ////
22 ////
23 ////
24 ////

---

[2] The Eastern District Local Rules are available on the court's website, www.caed.uscourts.gov, and also through the office of the Clerk of the Court.

1    Accordingly, IT IS HEREBY ORDERED that:

2    To the extent plaintiffs intended their complaint to serve in part as a request for a temporary restraining order and preliminary injunction, that request is denied without prejudice to refiling.  Should plaintiffs wish to request a temporary restraining order and preliminary injunction in this action, plaintiffs must follow the requirements stated in Eastern District Local Rule 231.  Requests for temporary restraining orders or preliminary injunctions that fail to comply with these specific procedural requirements may be summarily denied.

IT IS SO ORDERED.

DATED:  November 8, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE